Susan Mary Rotkis
AZ Bar No. 032866
VSB No. 40693
**Consumer Litigation Associates West, PLLC**
382 South Convent Avenue
Tucson, AZ 85701
520-622-2481
srotkis@clalegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Luticia Taylor, *on behalf of herself and all others similarly situated*, | ) ) ) Civil Action No.: _____ |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| Diversant, LLC, | ) ) CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT |
| SERVE: National Corporate Research, Ltd. 1601 Elm Street, Suite 4360 Dallas, Texas 75201 | ) ) ) (Demand for Jury Trial) ) ) |
| Defendant. | ) ) |

The Plaintiff, Luticia Taylor, on behalf of herself and all similarly situated individuals, by counsel, hereby files the following complaint against the Defendant, Diversant, LLC.

**PRELIMINARY STATEMENT**

1.    This is an action for statutory, actual and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.*, the Fair Credit Reporting Act ("FCRA"). The FCRA imposes several important procedural requirements on

- 1 -

employers that use a consumer's background report, which are designed to protect consumers like the Plaintiff. Plaintiff applied for employment with Defendant Diversant, LLC ("Diversant"), and Diversant extended Plaintiff an offer of employment conditioned on the results of her background report. Defendant obtained Plaintiff's consumer background report from First Advantage and then revoked its offer of employment. In doing so, Diversant failed to comply with the FCRA's procedural protections and requirements.

## JURISDICTION

2.      The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## PARTIES

3.      The Plaintiff is a natural person, and at all times relevant to the Complaint was a "consumer" as defined by the Fair Credit Reporting Act at § 1681a.  The Plaintiff resides in Phoenix, Arizona.

4.      Defendant is a New Jersey limited liability company with offices in Arizona.   At all times relevant to the Complaint, Diversant was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## STATEMENT OF FACTS

5.      In or around November 2015, the Plaintiff applied for a full-time contract position with Diversant to perform work for Wells Fargo.

6.      In connection with Plaintiff's application, Diversant procured Plaintiff's employment-purposed consumer report ("consumer report") from First Advantage.

7.      The consumer report that First Advantage sold to Diversant regarding Ms. Taylor contained inaccurate and obsolete public record information.

8.      After receiving the Plaintiff's consumer report from First Advantage, Diversant took adverse action against the Plaintiff by delaying her start date on the Wells Fargo contract and ultimately terminating her from the position.

9.      Diversant did not provide Plaintiff with the notice required by the Fair Credit Reporting Act prior to taking the adverse action, including, for example, (i) that an adverse action had been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and was unable to provide the consumer with specific reasons why the adverse action was taken, and/or (iv) that the Plaintiff could request a free copy of the report and dispute the accuracy or completeness of the report with the consumer reporting agency.

10.     This conduct was not limited to the Plaintiff. Upon information and belief, Diversant has failed to send the required FCRA notices to any job applicants during the entire class period.

11.     Diversant's failure to provide the required "pre-adverse action" notice and summary-of-rights form injured the Plaintiff and putative class members because it deprived them of timely information that Congress mandated they receive.  It also deprived them of the ability to dispute inaccurate information in their employment-

purposed consumer background reports before Diversant took adverse action against them.

12.    Plaintiff and the putative class members have a common law right to know the information in their consumer reports. Congress sought to enhance the protection of that right by enacting the FCRA and incorporating many consumer-oriented safeguards, including that an employer provide them with a copy of their consumer report and a summary of rights before taking any adverse action based in whole or in part on that report. The FCRA expresses Congress's mandate that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b).

13.    The conduct that Defendant engaged in is precisely the type of conduct that Congress sought to prevent with the restrictions it has imposed on access to consumers' sensitive, personal information.

14.    Plaintiff and the putative class members therefore suffered a concrete, in-fact injury that is directly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision here.

15.    Additionally, Diversant's conduct against the Plaintiff and the putative class members was willful.

16.    As a matter of practice, Diversant regularly and consistently fails to provide

the "adverse action notice" to job applicants prior to taking the action as required by 15 U.S.C. § 1681b(b)(3).

17.     Diversant's procedures and conduct were carried out as Diversant intended and were not a mere accident or mistake. Instead, its actions constituted its standard procedures and policies of conducting business.

18.     Diversant is well aware of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

19.     In fact, Diversant posted an article on its Facebook page about job seekers knowing their rights during employment background checks.[1]

20.     Further, upon information and belief, Diversant obtained or had available substantial written materials that informed it of its duties under the FCRA.

21.     Despite knowing of these legal obligations, Diversant acted consciously and willfully in breaching its known duties and depriving the Plaintiff and the putative class members of their rights under the FCRA.

22.     Plaintiff alleges that Diversant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

23.     Therefore, Diversant's conduct was willful and entitles Plaintiff and the putative class members to recover punitive damages for its violations of the FCRA.

---

[1] https://www.facebook.com/Diversant/posts/10154811487634657 (last visited May 24, 2017)

## COUNT I: VIOLATION OF 15 U.S.C. § 1681b(b)(3)
### Class Claim

24.    **The FCRA Class**.  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings the

action individually and on behalf of a class initially defined as follows ("the Class"):

> All employees or prospective employees of Defendant Diversant residing in
> the United States (including all territories and other political subdivisions of
> the United States) who were the subject of a consumer report used by
> Diversant to make an employment decision and against whom Diversant
> took an adverse action based in whole or in part on the information
> contained in the consumer report before providing the employee or
> prospective employee with a copy of the consumer report or the requisite
> FCRA notices.

25.    **Numerosity**.  The Class members are so numerous that joinder of all is

impractical. A similar number of current openings over the past two years demonstrates a

significant number of applicants and potential class members. The class members' names

and addresses are identifiable through the Defendant's documents, and the class members

may be notified of the pendency of the action by published and/or mailed notice.

26.    **Existence and Predominance of Common Questions of Law and Fact**.

Common questions of law and fact exist as to all class members. These questions

predominate over the questions affecting only individual members.  These common legal

and factual questions include, among other things: (a) whether Diversant provided a copy

of the consumer report to the applicant or employee prior to refusing to hire the applicant

or terminating the employee based on the results thereof; (b) whether Diversant provided

a copy of a summary of the applicant or employee's rights under the FCRA before

declining to hire or discharging the applicant or employee; and (c) whether Diversant

acted knowingly and intentionally or with conscious disregard of the rights of the consumers.

27. **Typicality**. Plaintiff's claims are typical of the claims of each class member and all are based on the same facts and legal theories. Upon information and belief, it is Diversant's standard hiring practice to obtain and rely on consumer reports for employment purposes and refuse to hire applicants without first providing them with a copy of their consumer report and a summary of their rights under the FCRA, prior to taking adverse action based upon that report. For purposes of class certification only, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled to the relief under the same causes of action as the other class members.

28. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue the action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

29. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a. As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such

that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Diversant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences of proof in the case.

b.   A class action is superior to any other available method for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers whom Diversant refused to hire based on their consumer report without complying with the requirements of the FCRA, are likely unaware of their rights and how to seek representation in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. A win for one consumer would set the law for every similarly situated consumer.

30.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31.   Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i) because it failed to provide the Plaintiff and putative class members with a copy of the consumer report used to make an employment decision at least five days before taking an adverse action that was based in whole or in part on the consumer report.

32.   Defendant also willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii) because it failed to provide Plaintiff and that putative class members with a copy of the

FTC/CFPB FCRA Summary of Rights at least five days before taking an adverse action that was based in whole or in part on the consumer report.

33.    Plaintiff seeks statutory and punitive damages as well as attorney's fees and costs for himself and all others similarly situated for Defendant's willful violation pursuant to 15 U.S.C. § 1681n.

34.    In the alternative, Plaintiff seeks actual damages as well as attorney's fees and costs for himself and all others similarly situated for Defendant's negligent violation pursuant to 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff and the putative class members demand judgment for statutory, actual, and punitive damages against the Defendant; for attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**LUTICIA TAYLOR**, *on behalf of
herself and of all similarly situated individuals*


By:_____/s/_____
          Of Counsel


Susan Mary Rotkis
AZ Bar No. 032866
VSB No. 40693
**Consumer Litigation Associates West, PLLC**
382 South Convent Avenue
Tucson, AZ 85701
520-622-2481
srotkis@clalegal.com